IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00158-CR

No. 10-09-00159-CR

 

Ex parte
William Johnson

 

 



From the 12th District Court

Walker County, Texas

Trial Court Nos. 24632 and 24634

 



MEMORANDUM  Opinion










 

            William Johnson filed notices of
appeal regarding two underlying writ of habeas corpus proceedings.  The Court
was later informed that the reporter’s record in these appeals would not be
filed because of the reporter’s belief that Johnson received all of the relief
he requested by the underlying petitions for writ of habeas corpus.

            The Clerk of this Court notified
Johnson by letter that we questioned our jurisdiction because if Johnson had
received all of the relief he requested in the underlying proceedings, there were
no adverse judgments or orders to appeal.  In the same letter, the Clerk warned
Johnson that the Court would dismiss the appeals unless, within 21 days from
the date of the letter, a response was filed showing grounds for continuing the
appeals.  Johnson has not provided a response.

            Accordingly, these appeals are
dismissed.  See Tex. R. App. P.
44.3. 

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeals
dismissed

Opinion
delivered and filed July 22, 2009

Do
not publish 

[CR25]






-height:200%'>The officers approached the trailer, with Bradford going to the front door while the other two officers covered the rear entrance. 
After knocking and announcing his presence, Bradford waited for a response.  He
heard no response but could hear movement inside the trailer.  After waiting
approximately a minute with no response, Bradford gained entrance through an
unlocked window.  Once inside, Bradford heard noises coming from the east side
of the house and noticed a paused video-game in the living room.  Bradford once again announced his presence before entering the bedroom, where he found
Wallace with a female lying in bed with an infant.  When Bradford asked if
anyone else was in the trailer, Wallace and the woman responded that they did
not know.  Wallace was then taken outside where he was handcuffed and arrested.

Bradford then
performed a protective sweep of the house.  Finding the door to the master
bedroom locked, Bradford knocked and announced himself, and then kicked in the
door to gain entry to the room.  There, he saw Blocker inside the bedroom
standing next to an open bathroom doorway.  Looking inside the bathroom, Bradford observed what appeared to be a “meth-cook” in progress.[2] 
 Bradford then placed Blocker under arrest.

Bradford
summoned S.T.O.P Taskforce, the local narcotics unit, to the scene.  Jay
Stubbs, a S.T.O.P. officer, received information from Bradford and then entered
the home.  Inside, Stubbs noticed various items of drug paraphernalia
throughout the house.  Based on the information obtained, Stubbs prepared the
search warrant affidavit that is at issue in this appeal.

            Blocker moved to suppress the evidence
obtained as a result of the search warrant, claiming that Stubbs made several
misrepresentations in his affidavit.  The trial court allowed Blocker to go
behind the affidavit, subject to a Franks challenge, to show that
certain allegations were false or made with reckless disregard for the truth. 
The trial court denied the motion to suppress.

Franks Violation 

In his sole issue, Blocker argues that the trial
court erred in overruling his motion to suppress because the affidavit
supporting the search warrant contained statements made by Stubbs that were
deliberate falsehoods or made in reckless disregard for the truth.  Specifically,
Blocker claims that the false statements created probable cause for the search
warrant, and if the statements were excised, the remaining statements would not
establish probable cause.  He argues that all evidence seized pursuant to the
search warrant should have been suppressed.

A search warrant's supporting affidavit is
presumed valid.  Franks, 438 U.S. at 171, 98 S.Ct. at 2684.  However, in
Franks, the United States Supreme Court stated that if a defendant
establishes by a preponderance of the evidence that the affiant made a false
statement or made a statement with reckless disregard for the truth in the
probable cause affidavit and the remainder of the affidavit is insufficient to
establish probable cause, the search warrant is void and the fruits of the
search are excluded.  Id. at 156, 98 S.Ct. at 2676.  The Court further
stated that, although the Fourth Amendment demands a truthful factual showing
when determining probable cause, "truthful" does not mean that every
fact recited in the affidavit is necessarily correct.  Id. at
164-65, 98 S.Ct. at 2680.  Rather, "truthful" means that the
information put forth is believed or appropriately accepted by the affiant as
true.  Id.

The determination of whether a probable cause
affiant's statements were deliberately false or made with reckless disregard of
the truth is a question of fact and the trial court, as the sole factfinder and
judge of the witnesses' credibility, is owed great deference and its ruling
will be overruled only if it was an abuse of discretion.  Carmouche v. State,
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955
S.W.2d 85, 89-90 (Tex. Crim. App. 1997).

Blocker argues that the search warrant affidavit
contained the following false statements.

1)     
Blocker was in charge of
and controlled the suspected place;

2)     
After making entry into the
residence, Bradford located several subjects in the residence attempting to
hide and possibly destroy evidence; 

3)     
Bradford located a small vial containing a white
crystalline substance which was field-tested positive for amphetamine;

4)     
Bradford located Wallace in the master bathroom;
and

5)     
Bradford observed a 2000 ml
flask sitting on a heating mantle and several other items associated with the
manufacture of methamphetamine while Bradford was in the bathroom with Wallace.

 

[Emphasis added.] 

 

Specifically, Blocker argues that these statements
were false in that the record does not demonstrate that (1) he had control over
the residence, (2) the subjects located by Bradford were attempting to hide or
destroy evidence, (3) Bradford located a small glass vial of a white
crystalline substance which was field tested by Bradford, (4) Bradford
encountered Wallace in the master bedroom, (5) Bradford observed a 2,000 ml
flask sitting on a heating mantle and other items associated with the
manufacture of methamphetamines while in the master bathroom with Wallace, and
(6) a chemical reaction was taking place while Bradford was in the master
bathroom with Wallace.

The State admits that the warrant affidavit
contains some inaccuracies but argues that the warrant is substantially correct
and there were no intentional misrepresentations within the meaning of Franks. 
See Dancy v. State, 728 S.W.2d 772, 782 (Tex. Crim. App. 1987). 
We begin by addressing the three allegedly false statements.

At the hearing, Bradford testified that when he
spoke to the property owner, she indicated that Wallace lived in the trailer. 
The search warrant affidavit states that “SAID SUSPECTED PLACE IS IN
CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING NAMED PARTIES; HEREAFTER,
CALLED “SUSPECTED PARTY’ WHETHER ONE OR MORE TO WIT.”  Even if Wallace was only a houseguest, living in the trailer with
the permission of the host, he had apparent authority over the residence.  Whisehunt
v. State, 122 S.W.3d 295, 298-99 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d).  Consequently, Stubbs did not falsely state that Blocker and/or Wallace
controlled the suspected place.

            Second, although Blocker argues that
the record fails to mention any person attempting to hide and destroy evidence,
 Bradford’s testimony states that when he knocked on the door, no one answered
but he heard movement across the floor from inside.  When Bradford entered the
home, he noticed a paused video-game on the television in the living area.  He
began to move towards the bedrooms, announced his presence several times, and
no one came out or responded.  Blocker was subsequently found locked in the
master bedroom.  In the supporting affidavit, Bradford states that he located
several subjects in the residence attempting to hide and possibly destroy
evidence.  Based on the actions of the inhabitants of the trailer, it was not
false for Bradford to state that the occupants were attempting to hide and
possibly destroy evidence.

Third, Blocker argues that Bradford falsely stated
that he located a small vial containing a white crystalline substance that was
field-tested positive for amphetamine.  At the hearing, Bradford testified that
he and his fellow DPS officers did not perform any field tests and that S.T.O.P.
taskforce was on the scene, but he did not know if they performed a field
test.  Stubbs also testified that he saw the glass vial with the crystal
substance and it was located beside the mantle and beaker.

Addressing the last two arguments made by Blocker,
the State acknowledges that Stubbs’s affidavit contained mistakes and omissions
but explains that they were not made intentionally or with reckless disregard
for the truth.  At the suppression hearing, Stubbs explained that he relied on
verbal information from Bradford to draft his affidavit.  He further stated
that it was Blocker who was found near the bathroom while the chemical reaction
was taking place, not Wallace.  Stubbs also testified that his false statement,
which switched Blocker’s name for Wallace’s, was a clerical error, and he
denied that his affidavit contained statements made with reckless disregard for
the truth.

This evidence tends to show that Stubbs’s
information in the affidavit was mistaken, but not deliberately false or made with
reckless disregard for the truth.  As the sole factfinder, the trial court was
free to believe or disbelieve all or any part of the testimony of all witnesses. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Having
reviewed the record of the hearing and applying the appropriate standard of
review, we hold that Blocker did not establish by a preponderance of the
evidence that Stubbs made intentionally false statements or with reckless
disregard for the truth.  See Dancy, 728 S.W.2d at 782. 
Accordingly, we overrule his sole issue.




Conclusion 

     Having overruled Blocker’s sole issue, we
affirm the judgment of the trial court.








 

 

 

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief
Justice Gray concurs in the judgment affirming Blocker’s conviction.  A
separate opinion will not issue.)

Affirmed 

Opinion delivered and
filed July 30, 2008

Publish

[CR25]

 









[1] Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).





[2] Bradford observed a 2000 ml flask
sitting on a heating mantle and several other items associated with the
manufacture of methamphetamine.